UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 07-111 (RMU) |
| ) | |
| MAURICE KERRICK, JR. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE
AND INCORPORATED MEMORANDUM IN SUPPORT**[1]

Defendant Maurice Kerrick, Jr., through undersigned counsel, respectfully moves this Honorable Court to suppress as evidence against him at trial all evidence seized by law enforcement on July 17, 2006. The physical evidence was obtained without a proper search warrant or on any other permissible basis. Accordingly, the pistol, rifle, and narcotics recovered by law enforcement on that day must be suppressed. This motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below.

## FACTUAL ALLEGATIONS

Mr. Kerrick is charged by indictment with one count of unlawful possession with intent to distribute 50 grams or more cocaine base (Count I); one count of using, carrying and possessing a firearm during a drug trafficking offense (Count II); one count of unlawful

---

[1] The discovery provided by the government does not reflect any statements by the defendant. In the event the government provides late notice of such statements, defendant reserves the right to, inter alia, move to suppress any such statements.

possession with intent to distribute cannabis (Cont III); and one count of unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year (Count IV).

According to discovery provided by the government, the evidence seized in this case resulted from a search conducted during the execution of an arrest warrant. On July 17, 2006, law enforcement members of the Capital Area Regional Task Force ("CARTF") executed an arrest warrant for defendant at an apartment located on Ames Street, S.E., Washington, D.C. Upon entry, the defendant, Mr. Kerrick, Jr., was seated in a recliner in the living room. Defendant was immediately arrested and taken into custody. Following his arrest, CARTF members performed what they have called a "protective sweep" of the living room area. During the protective sweep, one of the task force members allegedly located a pistol under a sofa cushion.

At some point thereafter, CARTF members had defendant's father, Maurice Kerrick, Sr., execute a consent to search the apartment. Mr. Kerrick, Sr. is the only individual who signed the consent to search.

Following law enforcement's further warrantless search of the apartment, the CARTF members allegedly recovered a quantity of crack cocaine, a quantity of marijuana, a box of ammunition, drug paraphernalia, and a non-functional SKS rifle.

## DISCUSSION

I. **Any Evidence Obtained from the Apartment Must Be Suppressed Because the Warrantless Search of the Apartment Was Unconstitutional.**

The Fourth Amendment requires that all searches and seizures be "reasonable."

Vernonia School District 47J v. Acton, 515 U.S. 646, 652 (1995). Absent valid consent, a warrantless search of a dwelling is presumptively unreasonable unless (1) officers have probable cause to search, and (2) one of a limited number of exceptions to the warrant requirement applies. United States v. Abdul-Saboor, 85 F.3d 664, 667 (D.C. Cir. 1996); United States v. Dawkins, 17 F.3d 399, 403 (D.C. Cir. 1994); see also United States v. Hall, 969 F.2d 1102, 1106 (D.C. Cir. 1992) (discussing consent searches). The government, not the defendant, bears the burden of proving that the officers had probable cause to search the apartment and that the entry and search fit within an exception to the warrant requirement. Coolidge v. New Hampshire, 403 U.S. 443, 455 (1971); Dawkins, 17 F.3d at 403 ("[T]he government must demonstrate that its failure to procure a warrant was justifiable in light of circumstantial exigencies."). "'The police . . . bear a heavy burden in attempting to demonstrate an urgent need that might justify warrantless searches." United States v. Goree, 365 F.3d 1086, 1089 (D.C. Cir. 2004) (quoting Welsh v. Wisconsin, 466 U.S. 740, 749-50 (1984)).

In terms of analyzing this case under the Fourth Amendment, there appear to be two distinct issues. First, there is the "protective sweep" conducted by the CARTF members when they first entered the apartment. That search allegedly uncovered the .380 pistol under a sofa cushion on a sofa. Second, there is the search conducted after the pistol was recovered. Based on the discovery produced by the government, the government will apparently attempt to justify the second search based upon the written consent form allegedly executed by defendant's father, Maurice Kerrick, Sr. Both issues are addressed below.

    A.    **"The Protective Sweep."**[2]

With respect to the initial search, the evidence must be suppressed because this search exceeded the boundaries of what is permitted as part of a protective sweep. When executing an arrest warrant, law enforcement may search both the arrestee "and his immediate surroundings." United States v. Mapp, 476 F.3d 1012, 1017 (D.C. Cir. 2007) (citing Chimel v. California, 395 U.S. 752 (1969)). Here, the scope of the search exceeded defendant's immediate surroundings. Accordingly, the initial search was invalid, and the .380 pistol discovered beneath the sofa cushion must be suppressed.

    B.    **"Consent."**

With respect to the additional search following the alleged discovery of the pistol, the government will likely claim that this search was justified by the written consent allegedly executed by Maurice Kerrick, Sr. Indeed, the government must establish that there was valid consent for officers to search the apartment. Lacking such consent, any evidence obtained during the search must be suppressed. Consent is not valid unless "'the product of an essentially free and unconstrained choice,'" i.e., the consenting party's "'will [was not] overborne and his capacity for self-determination critically impaired.'" Hall, 969 f.2d at 1107 (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 225 (1973)).

Here, it does not appear that anyone who could consent to a search made a free and unconstrained choice to allow officers to search the apartment. Nor does it appear that consent

---

[2] While the officers used the term "protective sweep" in their paperwork, this does not appear to be a protective sweep under Maryland v. Buie, 494 U.S. 325 (1990), and its progeny, as such a sweep may only include areas which might "harbor an individual posing a danger to those on the arrest scene." Id. at 334. The space between sofa cushions and a sofa is clearly not such a place.

4

was given prior to the time that the narcotics and other contraband were uncovered during the second search. Finally, the CARTF task force members did not seek the consent of defendant, even though he was physically present at the apartment. See Georgia v. Randolph, 547 U.S. 103 (2006) (holding that physically present co-occupant's stated refusal to permit search prevails, rendering warrantless search unreasonable and invalid as to him). As such, any evidence located during the illegal search must be suppressed.

## CONCLUSION

For the foregoing reasons, and any other reasons the Court finds just and reasonable, Mr. Kerrick requests that the Court suppress the physical evidence obtained by the officers pursuant to the warrantless search. Mr. Kerrick respectfully requests an evidentiary hearing on this motion.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Jonathan S. Jeffress, Esq.
Counsel for Maurice Kerrick
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C. 20004
(202) 208-7500, ex. 134

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Crim. No. 07-111 (RMU) |
| MAURICE KERRICK, JR. | ) ) | |
| Defendant. | ) ) | |

**ORDER**

Upon consideration of defendant's motion to suppress physical evidence, it is hereby

**ORDERED** that defendant's motion is **GRANTED**; it is further

**ORDERED** that all evidence obtained in the above-captioned case on July 17, 2006, including the crack cocaine, marijuana, ammunition, drug paraphernalia, and two firearms, is **SUPPRESSED**.

SO ORDERED.

_____
THE HONORABLE RICARDO M. URBINA
UNITED STATES DISTRICT JUDGE

DATE: