IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. : 07–0111 (RMU)** |
| | : | |
| **v.** | : | |
| | : | |
| **MAURICE KERRICK** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**Government's Notice and Memorandum in Support Thereof
To Permit Use Of Other Crimes Evidence**

The United States of America, by and through the United States Attorney for the District of Columbia, hereby gives notice that the government intends to introduce evidence of another crime committed by the defendant, pursuant to rule 404(b) of the Federal Rules of Evidence.

Background

Defendant Kerrick has been charged in a four-count indictment with possession with intent to distribute fifty grams or more of cocaine base (count one), possessing a firearm during a drug trafficking offense (count two), possession with intent to distribute marijuana (count three), and being a felon in possession of a firearm (count four). The predicate prior felony convictions supporting count four are the defendant's convictions for (1) Distribution of a Controlled Dangerous Substance (marihuana) in 2005 docket number CT-050732A, and (2) Conspiracy to Possess With Intent to Distribute Marihuana in 2004 in Circuit Court for Prince George's County, Maryland, docket number in CT-407884.

The instant charges are based on the execution of an arrest warrant upon for the defendant at his father's residence, 4111 Ames Street, NW, (Apt. 203), Washington, D.C., on July 17, 2006,

at approximately 11:00 a.m. The evidence indicates that the defendant he had been staying with his father for the last six months prior to being arrested. During the execution of the arrest warrant, law enforcement officers recovered approximately 113.7 grams of cocaine base (crack), approximately 73.7 grams of marijuana, a empty ziplock bags and razor blades, one loaded semi-automatic Bursa .380 caliber handgun, and one SKS Assault Rifle. All of these items were recovered in various locations inside of the defendant's bedroom, his bedroom closet, and in the living room.

Admissibility of 2004 and 2005 Drug Activity<br>
<u>Under Rule 404(b) of the Federal Rules of Evidence</u>

The government seeks to introduce the defendant's conduct underlying his 2004[1] and 2005 convictions as the other crimes evidence. The 2005 conviction was based on an undercover narcotics investigation conducted by the Prince George's County Narcotic Enforcement Division in which the defendant sold two ziplock bags containing marijuana to an undercover officer on March 24, 2005.

The defendant was subsequently arrested and charged in a four-count indictment with distribution of marijuana (count one), possession with intent to distribute marijuana (count two), possession of marijuana (counts three), and conspiracy to distribute marijuana (counts four). On July 27, 2005 the defendant pled guilty to count one of the indictment.

Rule 404(b) of the Federal Rules of Evidence provides in pertinent part:

> **(b) Other Crimes, Wrongs, or Acts.**--Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive,

---

[1] The government has not yet received the statement of facts with respect to the 2004 conviction. However, based on the fact that the drug in question in the 2004 conviction is marijuana and the offense in that conviction is almost identical to both the 2005 conviction and the indicted offenses in this case, the same arguments apply. Additionally, the defendant pled guilty to conspiracy to possess with intent to distribute marijuana on March 8, 2004.

>    opportunity, intent, preparation, plan, knowledge, identity, or absence
>    of mistake or accident . . . .

Fed. R. Evid. 404(b). In this case, the government will offer evidence that the defendant's acts of distribution of marijuana in 2005, as described above, and conspiracy to possess with the intent to distribute marijuana in 2004, show intent, knowledge, and absence of mistake with respect to the count three of the instant indictment, possession with intent to distribute marijuana.

The Court of Appeals has held that the above rule is "one of inclusion," not exclusion, and that it excludes "only evidence that is offered for the sole purpose of proving that a person's actions conformed to his or her character." United States v. Linares, 361 U.S. App. D.C. 318, 323, 367 F.3d 941, 946 (2004) (internal quotation marks omitted). Determining the admissibility of prior crimes or bad acts is a two-step process. First, the Court determines whether the other crime or act is relevant and, if so, whether it is relevant to something other than the defendant's character or propensity. United States v. Bowie, 344 U.S. App. D.C. 34, 41, 232 F.3d 923, 930 (2000). If the Court finds the evidence to be properly relevant, it then goes on to determine whether the evidence should nonetheless be excluded under other rules of evidence, such as rule 403. Id.

Here, the government will not be offering the evidence to prove the defendant's character, but to show that on July 17, 2006 he knew what marijuana was, he knew how to sell and distribute marijuana, and he was aware that there was marijuana inside of his bedroom.

The caselaw in this Circuit supports admitting prior drug activity in a drug prosecution. In United States v. Watson, 335 U.S. App. D.C. 232, 171 F.3d 695 (1999), the Court of Appeals acknowledged that prior acts of drug trafficking are relevant, under rule 404(b), to show the defendant knew how to sell drugs. Id. at 240, 171 F.3d at 239. Similarly, in United States v. Washington, 297 U.S. App. D.C. 73, 969 F.2d 1073, the Court of Appeals upheld the admission of

the defendant's act of selling drugs that preceded the charged offense of distribution, because it was "probative of intent, knowledge and plan on the part of Washington." Id. at 81, 969 F.2d at 1081.

United States v. Burch, 332 U.S. App. D.C. 287, 156 F.3d 1315 (1998), cert. denied, 526 U.S. 1011 (1999), is particularly instructive. In Burch, the trial court admitted evidence of the defendant's prior drug conviction, under rule 404(b), in part because the prior conviction involved the same drug, and the Court of Appeals affirmed. Id. at 296, 156 F.3d at 1324. In this case, the defendant's 2004 and 2005 drug activity involved the exact same drug (marijuana) as those charged in count three of the instant indictment.

In addition, as the Court of Appeals held in its en banc decision in United States v. Crowder, 329 U.S. App. D.C. 418, 141 F.3d 1202 (1998) (Crowder II), cert. denied, 525 U.S. 1149 (1999), and 528 U.S. 1140 (2000), evidence of a defendant's prior drug activity is relevant to show that he has "knowledge of the substance within his possession." Id. at 424, 141 F.3d at 1208 (internal quotation marks omitted). As the Court explained further in a footnote: "A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show he knew how to get drugs, what they looked like, where to sell them, and so forth." Id. at 424 n. 5, 141 F.3d at 1208 n.5.

As for rule 403,[2] that rule tilts in favor of admission in close cases, even when rule 404(b) evidence is involved, and the balance should be struck in favor of admission "when the evidence indicates a close relationship to the event charged." United States v. Cassell, 352 U.S. App. D.C.

---

[2] Rule 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of unde dely, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

84, 91, 292 F.3d 788, 795 (2002) (internal quotation marks omitted). In this case, the government will argue that the defendant was in constructive possession of the cocaine base, marijuana, digital scale, firearms, and currency recovered from his bedroom inside of his residence. In addition, as previously stated above, there is a "close relationship" between the defendant's 2004 and 2005 convictions and the instant case given the common narcotic – marijuana – involved. When the purpose of disputed evidence is to show state of mind, as in this case, probative value is high. See id. at 92, 292 F.3d at 796.

## Conclusion

The defendant's prior acts of distribution of marijuana and conspiring to possess with intent to distribute marijuana are admissible in the government's case-in-chief to show intent, knowledge, and absence of mistake. The government respectfully requests that it be permitted to introduce the offered other crimes evidence at trial.

                        Respectfully submitted,

                        JEFFREY A. TAYLOR
                        United States Attorney

By: _____
     Louis Ramos, DC Bar # 472-176
     Assistant U.S. Attorney
     555 4th Street, N.W., Room 4243
     Washington, D.C. 20530
     (202) 305-2195
     Louis.Ramos@usdoj.gov