THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 07-111 (RMU) |
| ) | |
| MAURICE KERRICK, JR. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO EXCLUDE THE
GOVERNMENT'S PROPOSED RULE 404(B) EVIDENCE**

Defendant, Maurice Kerrick, Jr., through undersigned counsel, respectfully moves this Court to exclude the government's proposed Rule 404(b) evidence. Specifically, and for the reasons stated below, the defense respectfully submits that the Court should exclude evidence of the alleged criminal conduct underlying (1) Mr. Kerrick's 2005 prior conviction for distribution of a controlled substance (marijuana); and (2) Mr. Kerrick's 2004 conviction for conspiracy to possess with intent to distribute marijuana.

**FACTUAL ALLEGATIONS**

**A.     Background.**

Mr. Kerrick is charged by indictment with one count of unlawful possession with intent to distribute 50 grams or more cocaine base (Count I); one count of using, carrying and possessing a firearm during a drug trafficking offense (Count II); one count of unlawful possession with intent to distribute cannabis (Cont III); and one count of unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term

exceeding one year (Count IV).

According to discovery provided by the government, the evidence seized in this case resulted from a search conducted during the execution of an arrest warrant. On July 17, 2006, law enforcement members of the Capital Area Regional Task Force ("CARTF") executed an arrest warrant for defendant at an apartment located on Ames Street, S.E., Washington, D.C. Upon entry, the defendant, Mr. Kerrick, Jr., was seated in a recliner in the living room. Defendant was immediately arrested and taken into custody. Following his arrest, CARTF members searched the premises and allegedly recovered a quantity of crack cocaine, a quantity of marijuana, a box of ammunition, drug paraphernalia, a non-functional SKS rifle, and a pistol.

**B.    The government's Rule 404(b) Notice.**

On July 10, 2007, the Government filed a Notice and Memorandum in Support Thereof To Permit Use of Other Crimes Evidence. The Notice states that the Government seeks to introduce the offense conduct underlying Mr. Kerrick's two prior convictions: (1) Mr. Kerrick's 2005 prior conviction for distribution of a controlled substance (marijuana); and (2) Mr. Kerrick's 2004 conviction for conspiracy to possess with intent to distribute marijuana. Both cases appear to be from Prince George's County, Maryland.

Remarkably, the government knows the relevant facts behind only one of the convictions it intends to introduce at trial. See Gov. Not. at 2n.1 ("[t]he government has not yet received the statement of acts with respect to the 2004 conviction"). With respect to the conviction where the government is actually aware of the conduct it seeks to introduce, which is Mr. Kerrick's 2005 marijuana conviction, the offense apparently involved the street sale of two bags of marijuana to an undercover officer.

**DISCUSSION**

**A.     Introduction.**

The government should not be permitted to use the conduct underlying Mr. Kerrick's prior convictions.  With respect to the 2004 conviction, the government itself does not even know the facts underlying that conviction.  It is therefore extremely difficult to ascertain the government's good faith basis for the filing of its 404(b) Notice with respect to this conviction.  With respect to the 2005 conviction, the known facts are fundamentally dissimilar to those alleged in the present case.  The introduction of the offense conduct would therefore meet none of the purposes of Rule 404(b).  Finally, even if the Court determines that the alleged other acts are admissible for a proper purpose, their introduction would be unfairly prejudicial.  Accordingly, the government's motion should be denied in its entirety.

**B.     Governing Legal Principles.**

In order for evidence of a prior bad act to be admitted, it must be probative of a material issue other than the defendant's character.  Fed. R. Evid. 404(b); United Stats v. Linares, 367 F.3d 941, 945 (D.C. Cir. 2004); United States v. Gaviria, 116 F.3d 1498, 1532 (D.C. Cir. 1997) (citing United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994)).  Permissible issues include proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  Fed. R. Evid. 404(b).  Even if probative of such an issue, however, the evidence is nevertheless inadmissible if the probative value of the evidence is substantially outweighed by the likely prejudicial impact of the evidence.  Fed. R. Evid. 403; Gaviria, 116 F.3d at 1532 (citing Clarke, 24 F.3d at 264).

**C.      Discussion.**

    **1.      The Other Acts Evidence Is Only Weakly Probative Of Any Material Issue Other Than Character.**

In this case, evidence concerning the underlying facts of Mr. Kerrick's alleged other crimes is only weakly relevant to proving any material issue. First, with respect to the 2004 conviction, the government itself does not even know the circumstances of that offense. Respectfully, the government's pleading should be stricken for this reason alone. In any event it is clear that Mr. Kerrick cannot meaningfully respond to the government's Notice on this conviction until the government files a proper Notice.

With respect to the 2005 conviction, this was a street sale of marijuana to an undercover officer, and therefore fundamentally dissimilar to the allegations in the present case. Thus, the only purpose admission of the government's purported 404(b) evidence can serve is to make Mr. Kerrick's propensity to commit the types of crimes alleged in this case, i.e., his character, an issue at trial. Although the government claims it seeks admission of the two prior alleged offenses to prove knowledge, the government fails to adequately explain how evidence pertaining to the alleged prior convictions will satisfy this purpose. The government's mere invocation of words such as "intent," "knowledge"and "motive," does not transform its essentially propensity-based purpose into an otherwise permissible one. See Linares, 367 F.3d at 946 ("[g]iven the evidence in this case, we do not understand how Linares's previous possession of a pistol makes it any more likely that he knowingly possessed a gun this time") (emphasis added); United States v. Daniels, 770 F.2dd 1111, 1116 (D.C. Cir. 1985) ("a concomitant of the

presumption of innocence is that a defendant must be tried for what he did, not for who he is").

The government states that the evidence will be offered "to show that on July 17, 2006 [the defendant] . . . was aware that there was marijuana inside of his bedroom." Gov. Not. at 3. That is nothing but an admission that the government seeks to introduce the prior convictions for propensity-based reasons, i.e., to show that because Mr. Kerrick possessed marijuana before, he must have possessed it again in this case. Indeed, all of the government's justifications boil down to propensity – because Mr. Kerrick allegedly possessed drugs with intent to distribute on prior occasions, it is more likely that he possessed with intent to distribute the drugs in this case. Certainly, if at trial Mr. Kerrick argues or presents evidence that he possessed drugs, but only for personal use, then Mr. Kerrick will have opened the door to presentation of the alleged prior bad acts for non-propensity purposes. At this stage, however, that has not occurred.

**2.     The Prior Bad Acts Evidence is Not Necessary.**

To be admissible, other acts evidence must also be necessary. "Evidence is necessary when considered in the 'light of other evidence available to the government,' 'it is an essential part of the crimes on trial, or where it furnishes part of the context of the crime.'" United States v. Queen, 132 F.3d 991, 998 (4th Cir. 1997).

Among other things, the government states that the evidence will be offered "to show that on July 17, 2006 [the defendant] . . . knew how to sell and distribute marijuana." Gov. Not. at 3. But the government's proposed 404(b) evidence could not possibly be necessary for proving the intent to distribute, as the amount of marijuana discovered was allegedly over 2.5 ounces. As the government's proposed drug expert will presumably testify, this is an amount that far exceeds an amount that one would usually possess for personal use. Thus, the 404(b) evidence is entirely

unnecessary in order for the government to argue that the amount of marijuana possessed was for distribution, rather than personal use.  The evidence should therefore be excluded.

      **3.**     **The Prior Bad Acts Evidence Should Be Excluded Under Rule 403.**

Under Rule 403, relevant evidence may be excluded if its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.  The weak or non-existent probative value of Mr. Kerrick's alleged prior convictions stands in stark contrast to the severe prejudicial impact admission of the convictions would have on the jury.  The government alleges that Mr. Kerrick sold or attempted to sell drugs on two prior occasions, which is substantially the same as the two of the crimes charged in the instant case.  Even with a limiting instruction, there exists a grave danger that jurors in Mr. Kerrick's case will lower the bar for conviction or scrutinize the facts less searchingly because they do not fear convicting an "innocent" man.  Put another way, the evidence will unfairly taint Mr. Kerrick's character and, based on this tainted character alone, the jury will surely believe he is more likely to have committed the crime charged in the instant case.  Even worse, based on the nature of the prior convictions, jurors may use this case as a pretext to punish Mr. Kerrick for his previous behavior or to ensure that a perceived serious criminal is not released back into the community.  Additionally, the potential for jury confusion is substantial because the jury will have difficulty keeping the facts of each offense separate; the facts underlying the prior convictions, according to the Government, and the instant case, all involve drugs.  Therefore, evidence concerning the alleged prior convictions should be excluded under Rule 403.

## CONCLUSION

For the foregoing reasons, defendant Maurice Kerrick, Jr. requests that the Court prohibit the government from introducing other crimes evidence under Fed. R. Evid. 404(b).

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Jonathan S. Jeffress
Assistant Federal Public Defender
625 Indiana Avenue, N.W., #550
Washington, D.C. 20004
(202) 208-7500

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) | |
| v. | ) | **Crim. No. 07-111 (RMU)** |
| **MAURICE KERRICK, JR.** | ) | |
| Defendant. | ) | |

## ORDER

Upon consideration of the Defendant's Motion to Exclude Government's Proposed 404(B) Evidence, the Government's 404(b) Notice, and for good cause shown, it is hereby

**ORDERED** that the defendant's Motion is **GRANTED**; and it is

**FURTHER ORDERED** that the government is prohibited at trial from introducing evidence of: (1) Mr. Kerrick's 2005 prior conviction for distribution of a controlled substance (marijuana); and (2) Mr. Kerrick's 2004 conviction for conspiracy to possess with intent to distribute marijuana.

**SO ORDERED.**

_____
RICARDO M. URBINA
UNITED STATES DISTRICT JUDGE

_____
DATE