THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Crim. No. 07-111 (RMU) |
| MAURICE KERRICK, JR. | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO EXCLUDE THE
GOVERNMENT'S PROPOSED RULE 609 EVIDENCE

Mr. Maurice Kerrick, Jr., the defendant, through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Evidence 609, to exclude the use of prior convictions to impeach Mr. Kerrick should he choose to testify at trial.

**BACKGROUND**

Mr. Kerrick is charged by indictment with one count of unlawful possession with intent to distribute 50 grams or more cocaine base (Count I); one count of using, carrying and possessing a firearm during a drug trafficking offense (Count II); one count of unlawful possession with intent to distribute cannabis (Cont III); and one count of unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year (Count IV).

On July 20, 2007, the government submitted a Notice Of Impeachment By Evidence Of Conviction. By its notice, the government declared its intention to impeach Mr. Kerrick with two prior convictions should Mr. Kerrick choose to testify in his own defense at trial. The

convictions are: (1) Mr. Kerrick's 2005 prior conviction for distribution of a controlled substance (marijuana); and (2) Mr. Kerrick's 2004 conviction for conspiracy to possess with intent to distribute marijuana. Both cases appear to be from Prince George's County, Maryland.

## ARGUMENT

Federal Rule of Evidence 609 provides in pertinent part:

> (a) General rule. For the purpose of attacking the credibility of a witness,
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

Fed. R. Evid. 609(a).

The admission of Mr. Kerrick's two prior felony convictions would be improper under Rule 609(a). See Fed. R. Evid. 609(a). Under Rule 609(a), a prior felony conviction may be used to impeach a defendant only if the probative value of the conviction outweighs the prejudicial effect to the accused. Notably, Rule 609, unlike Federal Rule of Evidence 403, does not require that the prejudicial effect substantially outweigh the probative value of the evidence but, rather, that the probative value of the conviction outweigh the prejudicial effect. In this case, the underlying convictions that the government seeks to use against Mr. Kerrick are for drug offenses (both cases involve marijuana), and therefore do not speak to Mr. Kerrick's truthfulness or credibility. The probative value of the prior convictions in this case is therefore minimal, while the prejudice will obviously be significant. See United States v. Lipscomb, 702 F.2d 1049,

1063 ("When the defendant is impeached by a prior conviction, the question of prejudice, as Congress well knew, is not <u>if</u>, but how much."). Accordingly, the government' motion should be denied under Rule 609(a)'s balancing test.

In addition, the Court should consider that because Mr. Kerrick is charged with possessing a firearm after being convicted of a crime punishable by more than a year incarceration, the jury will already know that Mr. Kerrick has a prior conviction. The jury might already use this fact to assess Mr. Kerrick's credibility. Disclosing the nature of one or more of Mr. Kerrick's prior convictions would only further prejudice Mr. Kerrick, without adding any probative value. As the Court is aware, it is common practice in this jurisdiction to stipulate to the existence of a prior conviction without informing the jury of the nature of the prior conviction. Informing the jury of the nature of Mr. Kerrick's prior convictions would significantly prejudice Mr. Kerrick because there is a significant risk that the jury may infer from Mr. Kerrick's felony status that Mr. Kerrick possessed the firearms at issue in this case. That prejudice outweighs any probative value that disclosing the nature of the convictions would provide.

## **CONCLUSION**

For the foregoing reasons, Mr. Kerrick respectfully moves this Honorable Court to exclude the use of the evidence of the prior convictions proffered by the government to impeach Mr. Kerrick.

                                          Respectfully submitted,

                                          _____/s/_____
                                          Jonathan S. Jeffress
                                          <u>Counsel for Maurice Kerrick, Jr.</u>
                                          625 Indiana Avenue, N.W.
                                          Suite 550
                                          Washington, D.C. 20004
                                          (202) 208-7500, ex. 134

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Crim. No. 07-111 (RMU) |
| | ) |
| MAURICE KERRICK, JR. | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Upon consideration of the Defendant's Motion to Exclude Government's Proposed Rule 609 Evidence, the Government's Rule 609 Notice, and for good cause shown, it is hereby

**ORDERED** that the defendant's Motion is **GRANTED**; and it is

**FURTHER ORDERED** that the government is prohibited at trial from impeaching Mr. Kerrick with evidence of: (1) Mr. Kerrick's 2005 prior conviction for distribution of a controlled substance (marijuana); and (2) Mr. Kerrick's 2004 conviction for conspiracy to possess with intent to distribute marijuana.

**SO ORDERED.**

_____
RICARDO M. URBINA
UNITED STATES DISTRICT JUDGE

_____
DATE